## SUPREME COURT.

NEW YORK LIFE INSURANCE AND TRUST Co. agt. RAND AND OTHERS.

After a judgment of foreclosure, directing that the purchaser be let into possession, and a sale of the premises, the purchaser on proof that he has exhibited the sheriff's deed and the order confirming the sale, to the party in possession, and demanded the possession of the premises, is entitled *ex parte* to an order for a writ of assistance. No notice of the application therefor
. is necessary.

A *grantee* of the purchaser is entitled to the same remedy, on the further proof that the deed from the purchaser to him has also been exhibited to the party in possession.                                           ˎ

An equitable claim by judgment creditors against the tenant in possession, and
· affecting the premises, can not be heard upon a motion for a writ of assistance or motion to vacate such writ.

*Monroe Special Term, January* 1853. This action was instituted in August 1849, to foreclose a mortgage executed by the defendant Legg to the plaintiffs upon a dwelling house and about six acres of land situated in the fifth ward of the city of Rochester. A judgment of foreclosure in the usual form was entered some time prior to the 13th day of May 1850. None of the defendants appeared in the action. The defendant Frost was in the actual occupation of the mortgaged premises at the time of the commencement of the action, and had continued so in possession until after the order for a writ of assistance was granted as herein after stated. The premises were sold on the 13th day of May 1850, by the sheriff of Monroe county, by virtue of the judgment of foreclosure, and bid off on said sale by Henry S. Potter, for $5825; and the sheriff thereupon conveyed the premises to Potter, by deed bearing date the day last mentioned; which, after being duly acknowledged, was recorded in the office of the clerk · of Monroe county on the 8th day of July 1852. The sheriff's report of sale was duly filed with said clerk on the 14th day of May 1850, and on the 9th day of October 1852, an order was duly entered for the confirmation of the report. Potter conveyed the premises to the defendant Rand, by deed bearing date June 14th 1852, which, after being duly acknowledged, was recorded in the office of said clerk, July 8th 1852.               ˋ

On the 26th October 1852, Rand exhibited to Frost, upon the said mortgaged premises, the said two deeds and a certified copy of the said order of confirmation, and requested him to deliver up possession of said premises to him, the said Rand, which he refused to do. Upon an affidavit of the foregoing facts by Rand, an order was granted *ex parte*, by Mr. Justice SELDEN, on the 3d day of November 1852, for a writ of assistance; which writ was accordingly issued and put into the hands of the sheriff of Monroe county, who executed the same soon afterwards, by putting said Frost out of possession, and delivering possession of the premises to Rand.

A motion is now made on behalf of said Frost, and also of Henry R. Selden and Nathan F. Graves, to vacate the order for the writ of assistance, and to set aside the writ issued in pursuance thereof.

Mr. H. R. Selden is a brother of Mr. Justice SELDEN, and claims an interest in the mortgaged premises, as a judgment creditor of Frost, and Graves, as a receiver appointed by Mr. Justice PRATT in a proceeding before him under the Code, in aid of execution, instituted by said H. R. Selden against Frost. H. R. Selden and Graves have commenced an action against Rand and Frost, claiming among other things, that some time in 1847, one Noble was nominally seized of the mortgaged premises, subject to the plaintiff's mortgage, but in reality, under a fraudulent secret trust for the benefit of Frost, and for the purpose of defrauding Frost's creditors. That subsequently, the title of said premises passed from Noble to Rand, under an understanding between Frost, Noble and Rand, that Rand should hold the same in secret trust for Frost. That Rand was put in funds belonging to Frost and through his instrumentality, sufficient to pay off and discharge the plaintiffs' mortgage, and for that purpose. That Rand, in violation of his agreement with Frost, suffered the mortgage to be foreclosed and the premises sold and bid off by Potter, and for his, Rand's benefit; and demanding judgment that Rand account for the property which went into his hands as aforesaid, and that the same be applied to the payment of the judgments belonging to said H. R. Selden. It was claimed that Rand had notice of the claims of Selden as above set forth, by

New York Life Insurance and Trust Co. agt Rand and others.

the service of the summons and complaint in the action of Selden and Graves against Rand and Frost.

JOHN N. POMEROY, *for the Motion.*

S. MATHEWS, *Opposed.*

WELLES, Justice.—This motion is founded upon the following grounds:

1. That Frost, H. R. Selden and Graves should have had notice of the motion for the writ of assistance.

2. That Judge SELDEN had no jurisdiction to make the order for the writ, by reason of his consanguinity with H. R. Selden.

3. That Rand, not being the purchaser at the sheriff's sale, was not entitled to the writ of assistance; and

4. If notice had been given, and the judge had jurisdiction, that the writ of assistance should not have been ordered until the equities of H. R. Selden had been determined

As to the first ground: The English practice of invoking the assistance of the court in aid of a purchaser under a decree of foreclosure, and in other cases where the effect of the decree is to entitle a person to be put in possession of real estate, seems to be substantially as follows:

To procure a common order on the defendant, requiring him to deliver possession, which was served upon him accompanied with a demand of possession, with sometimes a formal writ of execution of the order for possession. An attachment then issued for disobeying the order, but that was only matter of form, and was not to be executed. The next step was an order for an injunction against the tenant commanding him to deliver possession, which issued of course, on affidavit of the previous steps; and then, on affidavit of service of the injunction, and refusal, a writ of assistance to the sheriff, to put the party in possession, issued of course on motion, without notice (Dove vs. Dove 1 *Bro. Ch. R.* 375; *Perkins ed.* 330; *S. C.,* 2 *Dickins R.* 617; Huguenin vs. Basely, 15 *Ves.* 180; Kershaw vs. Thompson, 4 *Johns. Ch. R.* 609, 614, 615; Valentine vs. Teller, 1 *Hopk. R.* 422).

In the case cited of Kershaw vs. Thompson, Chancellor KENT held the attachment and execution useless, and that they might be

dispensed with; and that where the decree contained directions that the purchaser be let into possession, as is the case in an ordinary judgment of foreclosure, no further order was necessary.

In the case of Valentine vs. Teller, *supra*, Chancellor SANFORD expressed the opinion, that where the decree contained a direction that the party have possession, no further application to the court was necessary, before the party was entitled to a writ of assistance. The order required by the English practice, with the writs of execution and injunction, were all commands directed to the party; the writ of assistance is directed to the sheriff, commanding him to give possession; and the court directed in the last mentioned case, that the writ of assistance was to be the only necessary process of the court, for giving possession of land which had been the subject of adjudication.

This direction of Chancellor SANFORD has, I believe, been followed since, and has become to be regarded as the settled practice on the subject. But I am not aware of any reported case, in which the question was distinctly raised and decided, whether, since nothing is required to be done before applying for the writ of assistance, but to show the sheriff's or master's deed, and to serve the order confirming the sale, the motion for such writ must be on notice, or may be made *ex parte*. By the English practice referred to, and by our practice, until it was was changed under Chancellors KENT and SANFORD, no notice of motion for the order, or either of the writs of execution, injunction or assistance, appears to have been necessary, and since that time the books are all silent on the subject. There are a number of reported cases in our Court of Chancery since the case of Valentine agt. Teller, which show that notice was in fact given, and others where notice may be inferred from the fact that the motions were opposed. But this proves very little on the question. I am certain that the practice has prevailed more or less extensively, of omitting notice, and of the court granting the orders *ex parte*. I remember a case which I had in practice, where a motion was made to vacate an order which I had obtained *ex parte*, for a writ of assistance, upon the sole ground that notice of the motion for the order had not been given. In that case the motion was denied upon consideration, the court holding notice not necessary.

New York Life Insurance and Trust Co. agt. Rand and others.

I do not perceive any more propriety or necessity of requiring notice under our present mode of proceeding than under the English practice. With us, the order for possession is a part of the decree or judgment of foreclosure and incorporated in it, of which the defendant is presumed to be cognizant. All which he can in reason require, further, is to be informed in the proper manner, that the person claiming possession under the judgment, is the one entitled to the possession as against him. The sheriff's deed and the order confirming the sale and conveyance is the best evidence of this; and when he is presented with that evidence, and possession is demanded, he has no excuse for not obeying the judgment of the court. If he refuses, it seems to me quite unnecessary to put the party to the delay and expense of giving notice of a motion for the writ of assistance.

In respect to the second ground of the motion, it follows, if I have come to a correct conclusion on the question of the necessity of the notice, that there was no want of jurisdiction in the justice who made the order. The proceeding was against Frost alone, and one where neither of the plaintiffs in the action commenced against Frost and Rand, had any legal interest or a right to be heard.

In regard to the third ground, I have entertained considerable doubt, whether any one but the purchaser at the official sale by the sheriff, had the right to the writ of assistance; but upon reflection, I see no real objection to the grantee of the purchaser at the sheriff's sale, having the same remedy that such purchaser himself would be entitled to. In Van Hook vs. Throgmorton (8 *Paige*, 35), the court say " there is no settled practice of this court, entitling a subsequent purchaser at a master's sale, as a matter of right, to the assistance of the court to obtain the possession of the premises, which his grantor had purchased under the decree; and such assistance should not be given him, where there is, as in this case, a very strong probability that injustice would be done to the person in possession by such proceeding." I think it may fairly be implied from this, that in a plain case, where no injustice would be done to the person in possession, the court had the power, and would exercise it in favor of a second purchaser. In the present case, Frost had shown no

reason why Rand should not have the possesion given to him. At least, *he* clearly has no right to retain it as against Rand. He was served with the order of confirmation of the sale to Potter, and was shown the deeds from the sheriff to Potter and from Potter to Rand, both duly acknowledged and recorded. If he could show any injustice that might arise to himself, or any irregularity on the part of Rand, the order for the writ of assistance would probably be vacated, the same as would be done if the order had been granted on the application of the first purchaser. Rand by the deed from Potter, acquired all the rights of Potter in relation to the premises conveyed, and among them, I think, was the right to apply for a writ of assistance (see Brown vs. Betts, 13 *Wend.* 129). As to the remaining ground, I think the equities of H. R. Selden and Graves, as receiver, &c. were not inquirable into on the motion for a writ of assistance, nor are they on this motion. They could not be determined without virtually deciding the action brought by them, which it seems to me would be preposterous. The only effect of vacating the order and setting aside the writ of assistance, would be to restore the possession to Frost. Neither Selden or Graves have, as yet, shown any right, as against Rand, to the possession; and it is difficult to perceive how they are to be legally benefited by having the possession restored to Frost.

The motion should be denied, with seven dollars costs