## SUPREME COURT.

CHARLES W. LYNDE agt. JEREMIAH O'DONNELL and others.

The *death* of a plaintiff in a mortgage foreclosure suit, *after* a regular judgment of foreclosure is entered, does not affect the power of the *referee* in going on and making a *sale of the premises* in pursuance of the decree or judgment, and executing a deed to the purchaser.

That is, it is not necessary in such case to *revive* the action and bring in the representatives of the deceased plaintiff, as parties. Where the decree provides for letting the *purchaser into possession*, he may rightfully invoke the aid of the court, to execute its judgment, and when necessary obtain a *writ of assistance* for that purpose.

*Poughkeepsie General Term, February*, 1861.

EMOTT, BROWN and SCRUGHAM, *Justices*.

APPEAL from an order denying a motion for a writ of assistance.

M. S. BIDWELL, *for the appellant.*

D. P. BARNARD, *for the respondent.*

By the court, BROWN, Justice. Augusta H. Lynde made a motion at the special term, held at Brooklyn, in December, 1860, for a writ of assistance against the defendants in this action, under the following circumstances, which are admitted to be true. The action was instituted for the foreclosure of a mortgage upon certain lands in the city of Brooklyn. That a judgment or decree was regularly obtained therein, on or about the 1st of March, 1858, and the judgment roll was duly filed in the office of the clerk of the county of Kings, and a copy of the judgment or decree certified by the clerk, delivered to the referee, who therein was authorized to sell the mortgaged premises to be executed. It was the usual judgment of foreclosure, and contained the customary direction, that the purchaser at the sale be let into the possession of the premises, on production of the referee's deed therefor. While the decree was

in the hands of the referee to be executed, to wit: on the 7th day of June, 1860, the plaintiff died, and sometime in July thereafter, he sold the premises according to its exigency to the purchaser, Augusta H. Lynde, received the purchase money, executed and delivered to her a deed therefor, and filed his report of the sale in the office of the clerk. That Jeremiah O'Donnell and eight other persons who now claim some right or interest in the premises, were at the time of commencing the action and filing the *lis pendens* therein made parties defendants, or have acquired such interest subsequent thereto, but are now and were during the month of September, 1860, in possession of the premises, at whic time Augusta H. Lynde, the purchaser, caused her deed to be produced and exhibited to each of said persons and a personal demand of the possession to be made in her behalf of each of them who severally refused to deliver the same. The will of the plaintiff was proved on the 11th October, 1860, and on the following day letters testamentary were issued thereon. The interest in the decree passed by a devise in the will to Charles R. Lynde, one of the attorneys for the moving party. The action has not been revived or continued, but remains in the same situation as to parties as it was upon the death of the plaintiff. The motion for the writ of assistance was denied at the special term, and the purchaser has appealed from the order.

No attempt has been made to vacate the sale made by the referee. His power to execute the judgment has not been questioned by any party to the action, and those who have succeeded to the rights of the plaintiff in the subject matter of the action, not only acquiesce in the sale of the premises, but also in the pending motion to aid the purchaser to obtain the possession. It seems to me then, that the only question arising upon this appeal, is upon the power of the referee to execute the judgment of sale after the death of the plaintiff, in the action; because if he had power to make the sale and execute and deliver the deed,

it would seem that the right of the purchaser to the possession and beneficial enjoyment of the subject of his purchase will be implied and follow as a matter of course.

No good reason, I think, can be assigned why the referee should have power to put the property up for sale, receive the purchaser's bid, receive into his own hands the purchase money, execute and deliver over the deed, and that, then when the representatives of the deceased plaintiff had ceased to have any further interest or claim to the premises, the rights of the purchaser under the deed should be suspended until they were substituted as parties in the action in place of the plaintiff.

The 158th section of the act, (2 R. S., 191,) in regard to the powers and proceedings of the court upon bills for the foreclosure of mortgages, gives the court power to decree and compel the delivery of the possession of mortgaged premises to the purchaser thereof. And the 287th section of the Code of Procedure provides that " real property adjudged to be sold, must be sold in the county where it lies, by the sheriff of the county or by a referee appointed by the court for that purpose, and thereupon, the sheriff or referee must execute a conveyance to the purchaser, which conveyance shall be effectual to pass the rights and interests of the parties adjudged by the decree to be sold." A sale under this provision is absolute and no order of confirmation is necessary to give it effect, and to authorize the execution of a deed as was customary under the chancery practice. The same judgment that directed the sale, also directed that the purchaser be let into possession, and if there could be a valid execution of the judgment for one purpose after the death of the plaintiff, there certainly could be for the other. The power of the sheriff and a referee appointed for the purpose of effecting a sale, are the same under the provision of the Code to which I have referred. The decree was put into the hands of the referee, to be executed in the lifetime of the plaintiff, and while it was

in process of being executed, he died. Had the judgment been rendered at common law, with a *fieri facias* in the sheriff's hands at the time of the death of the plaintiff, it would have been perfectly lawful for him to proceed to execute the writ against the personal or real property of the defendant, notwithstanding the death. No *scire facias* or other revivor would have been necessary. The effect of an abatement under such circumstances would have been to deprive the plaintiff's representatives of the benefit of their levy and priority. The practice at common law went still further than this. While the practice prevailed of testing writs of execution in term, and making them returnable at the same or the next succeeding term, if an execution could be tested in the lifetime of the party, it might be taken out and executed after his death. (2 *Dunlap's Practice*, 781.) This rule extended to both parties. (1 *Cow.*, 34, *and the cases there referred to.*) And if the plaintiff die after *fi. fa.* sued out, it may be executed notwithstanding, and the plaintiff's executor or administrator shall have the money, and if the plaintiff have no executor or administrator, the money must be brought into court. (*Clerk* agt. *Withers, Lord Raymond*, 1072.) So in a case like the present, the certified copy of the decree in most respects resembles a *fi. fa.* upon a common law judgment. The object is to collect the money found due to the plaintiff by the judgment. The *fi. fa.* directs it to be made out of the defendant's property generally, and the decree in foreclosure out of the specific property mortgaged. Where both the *fi. fa.* and the decree in foreclosure are put into the hands of the sheriff to be executed in the lifetime of the plaintiff, and he dies before the execution is completed, no reason can be assigned why there should be a revivor in the one case more than in the other. In both cases the money when collected, may be paid to the personal representative, if there be one, and if not then it may be paid into court. In both, the judgments are final, and the final

process in execution of both is in the hands of the proper officer in the lifetime of the plaintiff. The case of the *Washington Ins. Co.* agt. *Slee,* (2 *Paige,* 365,) has been referred to, but it is not like the present. (*Vide Swartwout* agt. *Curtis,* 4 *Com. R.,* 415 ; 13*th Peters' U. S. R.,* 6.)

In sales of property under the decrees and judgments of the court, the persons who become purchasers, connect themselves with the proceedings so as to be amenable to the process of the courts, and also to claim and be entitled to their aid and protection. The sales may be set aside upon cause shown, and they deprived of the benefit of their purchases. And in like manner their contracts of purchase with the officers of the court will be enforced and executed in all proper cases, at their expense and against their will, or the contracts rescinded and the purchase money restored to them, when justice and fair dealing require such restoration and rescision. So where the decree provides for letting the purchaser into possession, he may rightfully invoke the aid of the court to execute its judgment, for it is not the property at some future period—at the end, perhaps, of a protracted litigation—which he purchases. It is the property with the right to the present possession which is the subject of his purchase. So that when the sale without a revivor will be upheld notwithstanding the death of the plaintiff all its incidents, such as the right to be put into the possession and to enjoy the immediate beneficial use must be upheld with it. In the several instances to which I have referred when persons become amenable or entitled to the process of the court, as intruders upon the mortgaged premises *pendente lite,* contracting parties or purchasers, they do not become parties to the action. Their names are not known in the pleadings or judgment roll, and numerous cases must arise where the plaintiff in the action and his personal representatives, (if he be dead,) have no concern with any proceedings subsequent to the sale. In a controversy between some of the defendants or persons who have

come into possession under the defendants *pendente lite*, in regard to the possession, the plaintiff in the action whose proceedings are at an end, and who has been paid his money from the proceeds of the property, has no possible concern. If he should die in the mean time, upon what ground should his personal representatives be brought in and made parties to a supplementary litigation, entirely foreign to their interests and that of their testator or intestate. They can have no rights to be affected by the result of the litigation and that is a reason why they should not be made parties by proceedings to revive.

The justice, who made the order appealed from at the special term, was influenced to some extent by the thought that the motion for the writ of assistance could not be heard without notice to the parties in the action. He remarked " the sale might take place under the provisions of the judgment, without requiring a plaintiff, present or surviving, but no order can be made by the court especially when notice to the parties is required while there is no plaintiff in being and no one qualified to represent him, or accept notice for him." In the absence of express authority, I should have concurred with him, that an order for the issuing of the writ could not issue without notice to the persons to be affected thereby. But I find that it has been adjudged otherwise and I accept the decisions as obligatory. In *The New York Life Insurance and Trust Co.* agt. *Rand and others*, (8 *How. Pr. R.*, 35,) it was decided that after a judgment of foreclosure directing that the purchaser be let into the possession, and a sale of the premises, the purchaser on proof that he has exhibited the sheriff's deed, &c., and demanded the possession is entitled to an *exparte* order for a writ of assistance. No notice of the application was necessary. Various cases are referred to and amongst others, *Kershaw* agt. *Thompson*, (4 *John. Ch. R.*, 609;) *Valentine* agt. *Teller*, (1 *Hop. R.*, 422.) The decision was afterwards affirmed at general term. And the same

rule was reiterated in *The New York Life Insurance and Trust Co.* agt. *Cutler and others,* (9 *How. Pr. R.,* 407.) The purchaser would, therefore, seem to have been entitled as a debt of justice and by force of the decree to the writ of assistance to put him in possession of the premises without further notice to the respondents or any of the parties to the action.

The order made at the special term should be reversed and an order entered that the writ of assistance issue, with the costs of the appeal.