JOSEPH F. SMITH, Plaintiff, *against* ROBERT A. JOYCE, Defendant.

(Decided December 6th, 1886.)

In an action for the foreclosure of a mortgage, all the defendants made default except certain infants who interposed the usual general answer by guardian *ad litem.* A referee was appointed to compute, take proof, etc. *Held,* that the report of the referee was not such report as was intended by section 763 of the Code of Civil Procedure, allowing a final judgment in the name of the original party to the action, where either dies after a verdict, report, etc. That provision contemplates a decision by a referee which determines the rights of the parties to a controversy as that would be determined by a verdict, decision of a judge, or interlocutory judgment.

Plaintiff having died after the filing of the referee's report in his favor, judgment was afterward entered thereon in his name. *Held,* that the action should have been revived by his personal representative; but that such omission was a mere irregularity, the judgment being in favor of the deceased party, not against him, and would not invalidate the title of a purchaser under the judgment having no notice of the irregularity.

CASE submitted on a statement of facts agreed upon.

The facts are stated in the opinion.

*P. Van Alstine,* for plaintiff.

*Meyer V. Butzel,* for defendant.

J. F. DALY, J. — The first question in the case arises upon the construction of section 763 of the Code of Civil Procedure, which provides: "If either party to an action dies, after an accepted offer to allow judgment to be taken, or after a verdict, report, or decision, or an interlocutory judgment, but before final judgment is entered, the court must enter final judgment, in the names of the original parties, unless the offer, verdict, report, or decision, or the interlocutory judgment is set aside." The question is, whether, in an action for the foreclosure of a mortgage, where all

the defendants, except infants, have made default, and the latter have interposed the usual general answer by guardian *ad litem*, the report of a referee appointed "to compute the amount due to the plaintiff for the principal and interest upon the bond and mortgage set forth in the plaintiff's complaint, and also to take proof of the facts and circumstances stated in the plaintiff's complaint, and to examine the plaintiff or his agent on oath as to any payments which have been made," is a report, within the above-quoted section of the Code.

In this case it was the plaintiff who died after the filing of the report, and before the entry of final judgment, and final judgment was entered upon the motion of the plaintiff's attorney of record.

The second question submitted is whether the sale of the premises under such judgment was valid without a revivor by the personal representatives of the deceased plaintiff: and the whole controversy is whether the title of the purchaser at such sale (who was the mortgagor and a defendant in the action, and who had no notice of the death of the plaintiff) is affected by the omission to revive the action either before or after judgment. The deceased plaintiff left a last will and testament appointing executors, to whom letters were issued after the sale.

The title of a purchaser upon a judicial sale is not affected by defects in the proceedings which rendered the judgment irregular, and in consequence of which it might have been set aside (*De Forest* v. *Farley*, 62 N. Y. 628). I am inclined to the opinion that the report of a referee appointed to compute, take proof, etc., in a foreclosure suit, is not the report meant by section 763 of the Code above quoted, but that that provision contemplates a decision by a referee which determines the rights of the parties to a controversy, as they would be determined by a verdict, decision of a judge, or interlocutory judgment. It has been held by the Supreme Court that the section does not embrace judgments by default, and I think the conclusion correct (*Grant* v. *Griswold*, 21 Hun 509–513).

Smith *v.* Joyce.

The action should have been revived by the personal representatives of the plaintiff, because he died before any decision in the action (*Gerry* v. *Post*, 13 How. Pr. 118); but the omission to take this step was an irregularity merely, and did not render the judgment void, because it was in favor of the deceased party. It is only where a party against whom the judgment is rendered, dies before the verdict, decision, or report against him, that the judgment is absolutely void (Code Civ. Pro. § 765). This express provision for the particular case excludes the construction that the judgment in any other case is absolutely void. If not absolutely void it is voidable only, because irregular, and therefore, under the decision in *De Forest* v. *Farley* (above cited), the title of the purchaser is not affected. The view of the learned justice in the special term case of *Gerry* v. *Post* (above), to the effect that the judgment and sale are void, must be deemed to be in conflict with the late decision of the Court of Appeals.

The proceeding to sell under the judgment without the revival by the personal representatives of the plaintiff is also a mere irregularity, and that only because of the irregularity of the judgment, not otherwise. Had the death of the plaintiff occurred after the judgment and before the sale, it would not have affected the sale (*Lynde* v. *O'Donnell*, 21 How. Pr. 34). Even upon the death of the defendant, the mortgagor, after decree and before its enrolment, it would not be necessary to revive the action before the sale (*Harrison* v. *Simons*, 3 Edw. Ch. 416, cited and approved in *Hays* v. *Thomas*, 56 N. Y. 522).

The second, third, and fourth questions submitted in the case must be answered in the negative, and judgment upon the agreement rendered in favor of Joseph Finley Smith, without costs.

LARREMORE, Ch. J., and VAN HOESEN, J., concurred.

Judgment for plaintiff, without costs.