TITLE GUARANTEE & TRUST CO. v. AMERICAN POWER & CONST.
CO. et al.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. FORECLOSURE—WRIT OF ASSISTANCE—APPEAL—ORDER AFFECTING A SUB-
STANTIAL RIGHT.

Code Civ. Proc. § 1675, provides that if, in an action relating to real
property, a party bound by the judgment withholds possession from the
person declared entitled thereto, the court may, by order, require the
sheriff to put such person in possession, and that such an order must be
executed as if it were an execution for the delivery of possession of the
property. Section 1373 provides that such an execution must particu-
larly describe the property and the party. After foreclosure sale the pur-
chasers procured a writ of assistance; the defendants, who were in
possession, making no showing in opposition to the rule to show cause.
The writ conformed to the requirements of section 1373 as to the essen-
tials of an execution for delivery of possession, and to the order required
by section 1675. *Held*, that the fact that the order took the form of a
writ of assistance did not prejudice defendants, so that under section
1347, giving the right to appeal only from orders affecting a substantial
right, defendants had no right to appeal.

2. SAME—DEFAULT.

Under the direct provisions of Code Civ. Proc. § 1294, a party cannot
appeal from an order made on his default.

Appeal from Kings County Court.

Action by the Title Guarantee & Trust Company against the Amer-
ican Power & Construction Company and others to foreclose a mort-
gage. The property was sold under foreclosure, and Charles E.
Robertson and another purchased at the sale. From an order grant-
ing the purchasers a writ of assistance to give them possession of
the property, the American Power & Construction Company, defend-
ant, alone appeals. Appeal dismissed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS,
WOODWARD, and HOOKER, JJ.

George W. McKenzie, for appellant.
George C. Case, for respondents.

WOODWARD, J. What useful purpose this appeal is intended
to subserve is not quite clear. The plaintiff brought an action to
foreclose a mortgage made to it by the American Power & Con-
struction Company, and such proceedings were had that the usual
judgment of foreclosure and sale was entered. The sheriff sold the
property under the provisions of the judgment, and delivered a deed
to Charles E. Robertson and William E. Verity, the respondents.
Messrs. Robertson and Verity displayed their deed of the premises
to the defendants, and demanded possession, which was refused.
The respondents then procured an order to show cause "why a writ
of assistance should not issue herein, in due form, commanding the
sheriff of the county of Kings to put the said Charles E. Robertson
and William E. Verity in possession of the premises referred to in
the complaint, and maintain him and his assigns therein, after eject-
ing therefrom any and all other parties defendants who may be in

possession." This motion was granted, the defendants offering no affidavits or proof in contradiction of the allegations of the moving papers; and the sheriff of the county, acting under such writ or order, has put the respondents into possession of the premises. The defendant American Power & Construction Company appeals.

So far as we are able to discover, the appeal is based upon the idea that because the authority to the sheriff to put the respondents in possession of the premises took the form of a writ of assistance, instead of an order of the court, the defendants are entitled to a reversal of the order directing the issue of the writ. Section 1675 of the Code of Civil Procedure provides in actions of this character that:

"If a party, or his representative or successor, who is bound by the judgment, withholds possession from the person thus declared to be entitled thereto, the court, besides punishing the disobedience as a contempt, may, in its discretion, by order, require the sheriff to put that person into possession. Such an order must be executed, as if it was an execution for the delivery of the possession of the property."

An execution for the delivery of the possession of real property or a chattel must particularly describe the property and designate the party to whom the judgment awards the possession thereof, and it must substantially require the sheriff to deliver the possession of the property within his county to the party entitled thereto. Section 1373, Code Civ. Proc. This is exactly what the writ of assistance now before us does, and the fact that the order of the court takes the form of a writ of assistance, under the direction of the order issued upon an order to show cause why such writ should not issue, is entirely too technical to merit relief to the appellant. The writ is made in pursuance of an order of the court. It conforms to the essential requirements of section 1675 of the Code of Civil Procedure, and bears the indorsement of the county judge who made the order directing such writ. The writ is, in effect, a part of the order directing its issue; it is identified with the order by the indorsement of the county judge; and, while it is very likely true that it would have been the better practice to have included the necessary matter in the order directly, no substantial right of the defendants has been infringed, and it is only where a substantial right is affected that a party has any right of appeal. Section 1347, Code Civ. Proc. The granting of a motion to give a party possession under the facts in this case is discretionary. Section 1675, Code Civ. Proc.

In the matter now before us the defendants were in default in not showing cause, if any existed, why the writ should not issue, and in such a case there is no right of appeal. Section 1294, Code Civ. Proc.; Matter of Stapleton, 71 App. Div. 1, 8, 75 N. Y. Supp. 657, and authorities there cited. Under the circumstances, we are of opinion that the proper course is to dismiss the appeal, as it is evident that the defendants have no standing in this court upon their appeal.

The appeal should be dismissed, with $10 costs and disbursements. All concur.