EDWIN C. SMITH and DELBERT C. HEBBARD, Plaintiffs, *v.* FREDERICK A. BROTSCH, JR., and Others, and the PURE STRAIN FARMS COMPANY, Defendants.

(Supreme Court, Monroe Special Term, March, 1917.)

Real property — order requiring sheriff to put a person in possession of, granted — Code Civ. Pro. § 1675.

Under section 1675 of the Code of Civil Procedure an order of the court requiring the sheriff to put a person into possession of real property supersedes the ancient writ of assistance as to actions brought under title 1 of chapter 14 of the Code and may be granted *ex parte* in the discretion of the court.

APPLICATION *ex parte* for an order of assistance.

Edwin C. Smith, for motion.

RODENBECK, J. The former practice relating to the issuance of a writ of assistance to get possession of real property under a judgment has been superseded with reference to actions relating to real property under title 1 of chapter 14 of the Code of Civil Procedure by an order of the court to be issued in its discretion requiring the sheriff to secure possession for

the proper party. Under this section plaintiffs in this action, being an action to foreclose a mortgage, are entitled to such an order *ex parte.* There is nothing in the section which requires notice and as the former writ of assistance could be issued without notice so an order under the present provision may so issue. *New York Life Ins. & Trust Co.* v. *Rand,* 8 How. Pr. 35; *New York Life Ins. & Trust Co.* v. *Cutler,* 9 id. 491; *Lynde* v. *O'Donnell,* 21 id. 34, 39. A previous motion for such an order was made in this case and denied* but new facts exist which justify a renewal and granting of the motion. General Rules of Practice, rule 25. The Pure Strain Farms Company which opposes the possession of the plaintiffs although they have a conveyance under the foreclosure and sale was a party to the action of foreclosure. It was not originally made a party but it made an application to intervene and this application was granted. It did not serve its answer within the time required by the order of intervention and became in default. Instead of moving to open its default it commenced an action to set aside the mortgage foreclosed on the strength of a deed unrecorded at the time that the mortgage was given of which it claimed the plaintiffs had knowledge. This action was pending when the previous application for an order of assistance was made but since that application the complaint in that action has been dismissed and there is now no cloud on the right of the plaintiffs to the possession of the premises and to an order of assistance to put them in possession. 2 Ency. Pl. & Pr. 975; 1 Abb. Dig. 1043; *De Lancey* v. *Piepgras,* 141 N. Y. 88, 96; *Bowery Savings Bank* v. *Foster,* 11 Wkly. Dig. 493. Under the present practice this order takes the place not only of the former writ of assistance (*Title Guar-*

---

* See 99 Misc. Rep. 108.—[REPR.

*antee & T. Co.* v. *American P. & C. Co.,* 95 App. Div. 192) but answers all the purposes of an execution and must be carried out by the sheriff upon being presented with a certified copy of the order as if it were an execution for the delivery and possession of the property. Code Civ. Pro. § 1675. See Throop's Notes. The provisions relating to the enforcement of judgments are scattered through the Code of Civil Procedure and the whole subject might be simplified along the lines· of the rules prepared by the board of statutory consolidation. See Report of Board, r. 378 *et seq.*

Motion granted.