DAVID KIRSCHENBAUM, Plaintiff, *v.* ———— BRAUNSTEIN and Another, Defendants.

Supreme Court, Bronx County, June 15, 1927.

References — validity of report — interlocutory judgment in partition action provided for reference as to accounting — death of party before report was filed did not invalidate report under Civil Practice Act, § 478.

On this motion to confirm the report of a referee appointed in pursuance to the terms of an interlocutory judgment in an action for the partition and the sale of real property and the determination of the dower right, as well as for an accounting, a claim that the report is void under section 478 of the Civil Practice Act by reason of the death of one of the parties in the action before the filing of the report, is without merit, where the rights of all the parties were determined in the first instance at Special Term and the matters subsequently referred to the referee were merely incidental to the action, and the reference, rather than being a reference of the action, was merely one of aid to the court to relieve it of taking testimony.

APPLICATION to confirm report of referee appointed pursuant to interlocutory judgment in action in partition.

————— ————, for the plaintiff.

————— ————, for the defendant.

HAMMER, J. This is a motion to confirm the report of a referee who was appointed pursuant to the terms of an interlocutory judgment in this action. The action is one for partition and sale of real property and the determination of the dower right of the defendant Mary Kirschenbaum, wife of the plaintiff, and for an accounting between the plaintiff and defendant Braunstein.

The cause came on for trial at Special Term of this court, and an interlocutory judgment was entered on May 18, 1926, and later amended on December 20, 1926. It was therein adjudged and decreed that the plaintiff and defendant Braunstein were owners as tenants in common of the premises involved, each owning an undivided one-half interest therein, and that the plaintiff's interest was subject to the inchoate right of dower of his wife, the defendant Mary Kirschenbaum. It also decreed and ordered a sale of the property by a referee at public auction, which sale was held, and the referee's report was thereafter duly filed and the purchaser let into possession. There was also provision appointing the same referee " to take and state all accounts between the parties and to determine the account between the parties after the same shall have been taken and rendered." It was further provided that after the sale of the property the defendant Braunstein render an account to the

plaintiff of all the rents, issues and profits, etc., and ordered him, for the better taking and stating of this account, to file with the referee and with the clerk a verified accounting of his dealings, transactions and business concerning the said property from the 8th day of November, 1922, up to and including the day of the sale of the said property, setting forth his receipts and expenditures, etc. In addition the parties were required to be examined before the referee under oath as regards the matters set forth in the accounting, and the referee in taking said account was to make a just allowance between the parties as between themselves and to return the balance of the account due from either party to the other. There was further provision that after the sale of the real property and accounting had between the parties, and the accounts as settled in his report by the referee shall have been confirmed by this court, the said amounts so determined and confirmed shall be paid over to the parties interested. Before the referee's report on the accounting was filed and on November 5, 1926, the plaintiff David Kirschenbaum died.

It is contended by the plaintiff, in opposition to this motion to confirm the report, that by reason thereof the report is void under section 478 of the Civil Practice Act on account of the death of said plaintiff. There is no doubt that the report of a referee, to whom an action is referred to hear and determine the claims of the parties and pass upon the merits of the same, would under such circumstances be void under the statutes. (*Smith* v. *Joyce,* 3 N. Y. St. Repr. 560; 14 Daly, 73; *Lemon* v. *Smith,* 20 App. Div. 523.)

I am of the opinion, however, that there is no merit here in this contention by the plaintiff. The report contemplated by this section is one " which determines the rights of the parties to a controversy, as they would be determined by a verdict, decision of a judge, or interlocutory judgment." (*Smith* v. *Joyce,* 3 N. Y. St. Repr. 560; 14 Daly, 73.) Under the interlocutory judgment here, the whole of the issues raised by the pleadings were not referred to the referee to hear and determine in the first instance, to be followed by the entry of judgment on the referee's report. The rights of the parties were determined in the first instance by the court at Special Term, the plaintiff's right to an accounting determined then and there, and the same set forth in the interlocutory judgment thereafter entered herein. (*Niebuhr* v. *Schreyer,* 22 Abb. N. C. 12.) The matters referred to the referee were incidental, and the ultimate decision remained with the court. (*Doyle* v. *Metropolitan El. R. Co.,* 136 N. Y. 505.) It was a reference of aid to the court, to relieve the court from taking testimony, and to obtain the opinion of the referee, but was not a reference of the

action. It was not at all conclusive upon the court, and the court might adopt it or disregard it. (*Rovnianek* v. *Kossalko*, 61 App. Div. 486; *Patten* v. *Bullard*, 3 N. Y. St. Repr. 735; affd., 118 N. Y. 669; *Martin* v. *Hodges*, 45 Hun, 38, 40; *Muhlenbrinck* v. *Pooler*, 1 N. Y. St. Repr. 223.) This objection to the motion to confirm the referee's report is accordingly overruled.

There remains a consideration of the report and the testimony and evidence upon which it is predicated. After reading the record, consisting of over 1,000 pages, I am of the opinion that the referee is fully supported in his findings as to the expenditure of money by the defendant Braunstein for repairs, taxes, mortgage principal installments, interest, and general upkeep of the property in question.

The record discloses a high quality of patience on the part of the referee in dealing with contentious and irritating litigants. His judgment, based not only upon the evidence, but influenced no doubt by seeing the parties and their witnesses and weighing their testimony in contemplation of their manner and appearance in giving it, should not be disturbed, except for reasons of great weight. It is conceded that the plaintiff and defendant Braunstein were equally the owners of the property in question. Each owned an undivided one-half interest. The plaintiff's contention was that each individually agreed to put up one-half or equal shares of the purchase moneys above mortgages. The defendant Braunstein contended that each put up in cash $2,250, or $4,500 in all, and the balance of the cash — *i. e.*, $9,500 — was borrowed by both plaintiff and defendant as their joint liability, to be repaid out of the income from the property. The total cash required amounted to $14,319.79 above adjustments on closing. The plaintiff conceded that the defendant Braunstein paid $319.79 of his own funds to defray lawyers' expenses in closing title, and also conceded that the $9,500 was borrowed from the persons set forth in defendant Braunstein's account, but contended that Braunstein personally as his individual obligation borrowed $6,800, and Kirschenbaum as his personal obligation borrowed $2,700.

The learned referee found in favor of Braunstein's contention. I cannot agree with such finding. The natural and ordinary course of dealings would be for each party to put up an equal share of the needed purchase money. At the time of signing the contract defendant Braunstein had only $18.54 in his bank. There is testimony that plaintiff's wife, who is the other defendant, at the request of her brother, the defendant Braunstein, withdrew from the Dry Dock Savings Bank $2,804, and together with $196 in cash withdrawn the major part from plaintiff's business, and $20 borrowed

from the mother of herself and defendant Braunstein, deposited $3,000 in Braunstein's personal bank account in the Public National Bank. Defendant Braunstein denied this, and stated that he only obtained $2,000 from his sister, Mrs. Kirschenbaum, and he had $1,000 in addition, and that he personally deposited the $3,000 in his bank. The bank teller, who received the deposit, however, testified that it was a woman who made the deposit, and that she stated she was " a relative or sister of Braunstein."

It appears logical and probable that Braunstein, going into a partnership in real estate with his brother-in-law involving the purchase of an apartment house for $70,000, in the absence of actual money, as disclosed by a transcript of his account, except $18.54, would get $3,000 from his brother-in-law, the plaintiff, and his sister, the other defendant, before borrowing money from persons strangers to the family circle as well as to the business being transacted. Indeed, there is evidence that he obtained the contract by giving a worthless check, which he anticipated would be made good by this very deposit of $3,000, and that he borrowed the other moneys needed on the strength and representation of a signed contract in his own name, wherein it appeared he personally had made a payment of $3,000 on account of the purchase price. These claims by the Kirschenbaums are contradicted by Braunstein, and there is much incoherence and even conflicting statements in the testimony of the Kirschenbaums. In the maze and confusion resulting, not only therefrom, but as well from a great mass of collateral matters, the finding in question seems to have been made.

The following, however, appears to stand out: Purchase price of property, $70,425; adjustments on closing, $889.37; lawyers' fees, $138.75; total to be paid, $71,453.12. Paid as follows: Subject to first mortgage, $35,000; purchase-money second mortgage, $20,425; on contract, *$3,000; security on leases, $1,675; interest on same, $33.33; assignment of brokerage, *$600; certified check, *$10,000; check, *$581.04; lawyers' fees, *$138.75; total, $71,453.12. Of the above items marked by *, amounting to $14,319.79, plaintiff admits defendant Braunstein advanced the following: Cash, $319.79; borrowed by Braunstein individually, $6,800; total, $7,119.79. I find Braunstein also advanced by assigned brokerage $600, and the total of his advances are $7,719.79. I also find Kirschenbaum advanced the following: Contract, $3,000; loans, $2,700; balance cash, $900; total, $6,600. Total advanced by plaintiff and defendant, $14,319.69. I find Braunstein should be charged herein as follows: Original account, November 8, 1922, to April 30, 1926, $43,612; supplemental account, May, 1926,

$1,159; supplemental account, June, 1926, to October 1, 1926, $4,876; total, $49,647.

Defendant Braunstein claims the following credits: Account, November 8, 1922, to April 30, 1926, $44,737.04; 5 per cent for management and collection of rents, $2,180.60; supplemental account for May, 1926, $2,187.75; supplemental account, June to October 1, 1926, $4,772.65; total, $53,878.04. I am of the opinion that the following items must be disallowed: Disallowed by referee, management, etc., $2,180.60; by referee items not as yet paid, $2,241.83; by referee donation to bank, $5. I disallow Edelstein brokerage commissions, $325, and also claimed repayments of loans, $6,800; less amount equal to that paid to plaintiff, $2,700; assignment of brokerage, $600; advanced on closing, $319.79; total amount disallowed, $7,932.64. I find the credits to which plaintiff is entitled to be the sum of $45,945.40, leaving a balance in the hands of the defendant, for which he is charged herein, amounting to the sum of $3,701.60.

This motion, therefore, will be granted to the following extent: The court will make new findings, and conclusions adopting referee's findings of fact numbered 1, 2, 3, 6, 7, 8, 9, 11, 19, 20, 21, 22, 24, 25 and 26 are allowed; finding of fact numbered 4 modified by striking out the word "jointly" and inserting the word "individually;" No. 15 modified by leaving out the words "never refused to account," and inserting in place thereof the words "has not heretofore accounted;" No. 17 modified by leaving out the words "and whatever the contribution of each party was it was regarded as equal;" No. 23 modified by striking out the words "agreed to accept the plaintiff as a tenant in common of an" and insert in place thereof "entered into an agreement with the plaintiff whereby the plaintiff and the tenant agreed to take title as tenants in common each of an equal." Adopting referee's conclusions of law numbered 2, 3, and 7 allowed; No. 4 is modified by striking out the words "with accrued interest."

Except as herein granted this motion is denied. Submit new findings and conclusions in accordance with this opinion to the court.