## CHAPMAN *et als. vs.* HAMILTON *et als.*

1. If a person having an incumbrance or security upon an estate conceals his interest, and thereby enables the owner of the estate to obtain an additional advance upon it, he will be postponed in a court of equity, to the second incumbrancer.

2. A demurrer to a bill for the want of parties must show who the proper parties are, in such a manner as to point out the defect in the bill, and enable the complainant to amend it.

3. To a bill which seeks to subject to the satisfaction of the complainant's claim, the undivided interest of a distributee in an estate while yet in the hands of the administrator, all the distributees are necessary parties.

4. When a bill is demurrable on its face, for the want of proper parties defendants, and the defendant, instead of demurring alone, answers, and shows by his answer, that there is no other necessary party, the court may proceed to a final decree, without regard to such a formal defect in the bill.

5. If a creditor who has a lien upon two funds for the security of his debt, files a bill seeking to condemn one of them, the bill is not *demurrable*, because it does not show what disposition has been made of the other.

6. A decree will not be reversed, because a party defendant, who has in his hands the fund sought to be condemned, is sued as *administrator*, instead of *guardian*, when it appears that the estate has been settled; that all the parties interested in the fund are before the court; and that no injury has been done to any one.

ERROR to the Chancery Court of Macon. Tried before the Hon. W. W. Mason.

GUNN & WILLIS, for plaintiff in error:

The demurrer to the bill should have been sustained by the court below—

1st. Because the bill did not state any disposition by complainants of the stock of shoes, &c. conveyed by Clough to secure their demands, or that the same was insufficient security. It does state that the complainants had two funds to which they could resort, while defendant, Gwinn, had but one; yet it does not (while it asks to have Gwinn postponed) aver that the fund on which he had no lien had been exhausted, &c. They who seek equity ought to be required to show in their pleadings that

9

they have done equity.—Nelson & Hatch v. Dunn et al., 15 Ala. 517, section 10, and cases therein cited.

2d. Because the bill did not aver that the distributive share of Clough in the estate of his deceased father had been ascertained by the decree of the Orphans' Court of Macon. It predicated the complainants' right to have Gwinn postponed and their deed enforced, upon a contract, which, according to the allegations of the bill, did not give them a power of sale or the right to possess themselves of such share until it had been so ascertained. See 3 Powell on Mort. 965; Bishop's Heirs v. Adm'r & Heirs of Bishop, 13 Ala. 475; Delage et al. v. Hazard et al., 16 ib. 196; Story's Eq. Pl. §§ 257, 257 a, and 258; 1 Dan. Ch. 369-77, n. 2.

3d. Because it did not make all the distributees of the estate of E. N. Clough parties defendants. It alleged the existence of other distributees, but did not make them parties.—See Hartly v. Bloodgood, 16 Ala. 233; Whiting v. B'k U. States, 13 Pet. 14; Story's Eq. Pl. 202; Cooper's Eq. Pl. 33-185; 1 Dan. Ch. P. 384 to 388; 2 ib. 37-8.

The bill ought to have been dismissed by the court below—

1st. Because it appeared from the proofs that it was prematurely brought.—See authorities above referred to, under the second reason assigned in support of the demurrer.

2d. Because there was no equity in it.—See authorities last referred to, as well as those cited under first reason above given in support of demurrer.

3d. Because it did not make the necessary parties defendants. See authorities cited above, in support of the third reason given in support of demurrer.

The bill ought to have been dismissed as to Chapman, upon his answer that he was not administrator, but guardian, or else the cause continued and leave given complainants to amend, the proofs having been contradictory to the answer in this respect.—See Mitford Eq. Pl. 235; Story's Eq. Pl. § 732; Cartwright v. Hately, 1 Ves. jr. 292.

The order of reference should have directed the master to allow Chapman a reasonable compensation for the management of the interest of defendant, Clough, in the estate of his deceased father, and also the expenses attending the defence of the cause. See Phillips, &c. v. Thompson, &c. 9 Port. 664; Carroll et al. v. Moore et. al., 7 Ala. 617.

Chapman et als. v. Hamilton et als.

The petition of Chapman for a further reference should have been granted. There was no ground for exception to the report of the master; that conformed fully to the directions in the order of reference.

The decree against Chapman for the sum paid Gwinn before he was notified of the deed in favor of complainants, is wholly indefensible. No execution is ordered against him for this sum, it is true, but this does not justify the decree.

McIver & Hamilton, *contra:*

The deeds of defendant, Gwinn, must be postponed to complainants', because if under the proof he is not bound by his silence, he is estopped by his representations.—Story on Con. 6, § 12, and cases cited in Note; Juzan v. Toulmin, 9 Ala. 662; Wendell v. Van Rensselaer, 1 Johns. Ch. 354; Hobbs v. Norton, 1 Vernon, 136; 2 ib. 450; 1 Bro. Ch. 546; 2 ib. 388; 6 Ves. 173; Story Eq. 376, and cases cited; Bac. Ab., Fraud, B.

The decree, then, of the chancellor, is correct. The defendant, Gwinn, is properly charged with the amount received before notice to Chapman, and jointly with Chapman, with amount paid him by Chapman after notice; and if not certain, it can be rendered so without doing violence to its meaning or language—
" *certum est quod certum reddi potest.*"

As to defendant's objection that the bill is prematurely brought, there is no allegation in the bill which will preclude complainant from showing that the estate had been settled, and the objection cannot now avail.

The decree is as favorable to defendants as it could be under the proof, and this court will not reverse when the record shows the successful party is entitled to the judgment, and no injury results. Ransom, adm'r, v. Quarles, 16 Ala. 437; 1 Cranch, 132; 3 Litt. 15; 2 Pet. 354; 4 Cowen, 674-80; 1 Gall. 400; 5 Amer. Dig. 177.

The question as to the duty of complainant to show that the fund upon which Gwinn had no lien had been exhausted, cannot arise under the pleadings.

DARGAN, C. J.—The facts, so far as the merits of this controversy are involved, may be thus stated: James M. Clough being entitled to an undivided fifth part in his father's estate, did, on the 7th day of October, 1843, convey the same by way

of mortgage to Joseph C. Gwinn to secure the payment of eight hundred and fifty dollars, and on the 17th day of February, 1844, executed another mortgage on the same interest to Gwinn, to secure him in the payment of one thousand and fifty dollars. On the 21st of May, 1844, Baldwin & Gray, being about to sell a stock of boots and shoes to said Clough, required of him security for the payment of the money agreed to be given for them, which amounted to six thousand eight hundred and fifty dollars and thirty-two cents. Clough proposed to execute a deed of trust on the stock of goods about to be purchased by him, and also on his undivided interest in his father's estate. Baldwin & Gray being strangers to Clough and ignorant of his interest in the estate of his father, applied to Gwinn for information as to the nature and extent of that interest. Gwinn informed them that Clough had an undivided interest in his father's estate, worth from twenty-five hundred to three thousand dollars, and that he thought the security proposed to be given by Clough was good, but did not disclose to Baldwin & Gray the mortgages which he held on the undivided share of said Clough.

There can be no doubt of the propriety of the chancellor's decree, in postponing the mortgages of Gwinn, and giving priority to the deed of trust executed by Clough to secure Baldwin & Gray; for the rule is as well settled as it is just, that if one having an incumbrance or security upon an estate conceals his interest, and thereby enables the owner to procure an additional advance upon it, he must be postponed to the second incumbrancer.—Mocatta v. Murgatrayd, 1 P. Wms. 393; Berrisford v. Melward, 2 Atk. 49; 1 Story Eq. § 390, and cases there cited. When Baldwin & Gray applied to Gwinn for information respecting the interest of Clough in his father's estate, it was his duty then to disclose the incumbrances or liens which he had upon it, and his failure to do so is such a fraud in the view of a court of equity as justly postpones his mortgages to that of the complainants.

2. But it is contended that all the proper parties defendants are not before the court, and that for this reason the demurrer to the bill should have been sustained. But the demurrer itself is defective, in not setting forth who are the proper parties defendants. The rule is, that a demurrer for want of parties must show who the parties are, not by name, for this the defendant

Chapman et als. v. Hamilton et als.

might not be able to do, but in such manner as to point out the defect in the bill, and to enable the complainant to amend it.—1 Dan. Ch. P. 335; Story Eq. Pl. § 543. For this defect in the demurrer, it was properly disregarded, inasmuch as the court could, according to the case as made by bill, answer and proof, proceed to a final decree without affecting the interest of any of the absent parties. There are cases, it is true, in which the court, *ex mero motu*, will take the objection of the want of proper parties, or it may be insisted on at the hearing, although the objection was not made, either by plea or demurrer.—Story Eq. Pl., § 236. But in such cases the interest of the absent parties would be affected by the decree, or a complete and valid decree could not be rendered without their being before the court as parties. But in the case before us, it is shown by the answers and proof, that a division of the estate of Edward Clough had been ordered by the Orphans' Court, and the share of each distributee set apart and allotted to him; consequently it was not necessary to have the other distributees before the court. The bill itself does not show this, and had it been defended by a proper demurrer only, the objection must have been sustained. But when a bill is demurrable on its face for the want of proper parties defendants, and instead of demurring alone, the defendant answers and shows by his answer that there is no other necessary party, the court may proceed to a final decree, without regard to such a formal defect in the bill. It is true that under our practice a defendant may insist on the benefit of a demurrer, notwithstanding he has fully answered the bill; but when the ground of demurrer is the want of parties, and the answer shows that all the proper parties are before the court, there can be no good reason why the complainant shall be compelled to amend his bill, *or that it should be dismissed;* for, the court being in possession of all the facts, and all the necessary parties *being in truth before the court*, there can be no error or impropriety in proceeding to a final decree. Independent then of the defect in the demurrer itself, the objection for the want of parties was properly disregarded.

It is also insisted, that the bill is defective because it does not show what disposition has been made of the stock of goods conveyed to secure Baldwin & Gray. It is true, that if a party has a lien upon two funds to secure a debt, another person, hav-

ing a junior lien on one of them only, may compel the former to resort, in the first instance, to that fund not bound by his junior lien.—1 Story's Equity, 588; Eden on Injunc. 62; Dorr v. Shaw, 4 Johns. Ch. 17; Nelson & Hatch v. Dunn et al., 15 Ala. 501; 8 Ves. 388. But as the creditor having the elder lien has the unquestionable right to subject both funds to the payment of his debt, if necessary to its satisfaction, his bill seeking to condemn *the one* is not subject to a demurrer because it does not show what disposition has been made of the other. The creditor having the junior lien should insist on this defence in his answer, and then the court will so marshal the securities that both debts may be satisfied, if the property be sufficient for that purpose. But in the case before us, Gwinn, who alone is interested in this question, does not insist upon it, either in his answer or by demurrer; and it is perfectly clear that it cannot be raised by the demurrer of Chapman.

It is, again, contended that the bill should have been dismissed as to Chapman, because he is sued as the administrator of Edward N. Clough, and it appears that he is not, but that he holds the funds as the guardian of James M. Clough. As a general rule, it is certainly true, that one sued as an executor or administrator may show in defence that he does not bear that character.—Story's Eq. Pl., § 732. But I can see no good reason in allowing the defence in this case. It does not appear when Edward N. Clough died. But his widow, who was appointed his administratrix, died in the year 1836 or 1837. There is no proof showing that after her death any one else was appointed administrator, nor is it pretended that there are any debts outstanding against the estate of the deceased. In 1842, the defendant, Chapman, was appointed guardian of the minor heirs of Edward N. Clough, and as such guardian came into the possession of the property, and from then until now his title as guardian has never been disputed, nor his possession disturbed. He has also made a final settlement of his accounts as guardian, and, we think, under these circumstances, it is but reasonable to suppose that the estate of Edward N. Clough has been fully administered, and that Chapman is rightfully in possession of the property as guardian. As he is before the court, as well as James M. Clough, no injury can be done any one by proceeding to a final decree. Justice has been done between the parties,

and no injury can result to any one else from the decree. I therefore think it ought not to be reversed because the defendant, Chapman, is styled in the bill administrator of Edward N. Clough, instead of guardian of James M. Clough.

Let the decree be affirmed.