MARGARET E. DE FOREST, Respondent, *v.* TERENCE
FARLEY et al.

## THE SAME *v.* THE SAME.

It is not a valid objection to the title of a purchaser upon a judicial sale
that the judgment upon which it was made was erroneous; if the court
had jurisdiction of the parties and of the subject-matter, and power to
render the judgment, his title is not affected by defects in the proceed-
ings which rendered the judgment irregular, and in consequence of which
it might have been set aside or reversed.

(Argued June 1, 1875; decided June 8, 1875.)

THIS was an action of foreclosure. The mortgaged prem-
ises were four lots in the city of New York, upon which
were built six houses; there were numerous defendants as
to whom the complaint contained the usual allegation that
"they had or claim some interest in or lien upon the mort-
gaged premises" subsequent to the mortgage. Christopher
Keyes, the owner of the equity of redemption, was the only
defendant who answered. On application to the court for
judgment he asked that the judgment should provide for a
sale of the entire premises, on the ground that it would be
most beneficial to him and to the incumbrancers subsequent
to plaintiff. The judgment directed "that the entire mort-
gaged premises" be sold. The referee to whom it was
referred sold the premises in six parcels, *i. e.,* each house and
lot separately. The parcel first sold brought sufficient to
satisfy the judgment, with taxes and assessments. The third
parcel sold was bid off by Thomas D. Stilson, and the fifth
by Aaron Altmayer; both paid the ten per cent required,
but refused to complete the sales on the grounds that they
were void, as prior thereto sufficient of the mortgaged prem-
ises had been sold to satisfy the judgment, and that the sales
were not made in accordance with the decree; also alleg-
ing various defects in the proceedings prior to judgment.
Said purchasers then made motions to set aside the sales to
them respectively, and these appeals are from orders of
General Term affirming orders of Special Term denying

such motions. *Held*, that the motions were properly denied; that the direction in the judgment to sell the entire premises could not, under the circumstances, be construed as prohibiting a sale in parcels; that as there were liens subsequent to the mortgage, the court had power to direct the sale of the entire premises, although unnecessary for the satisfaction of plaintiff's claim (*Livingston* v. *Mildrum*, 19 N. Y., 440); and that it was to be conclusively presumed when the question arose thus collaterally, that the power was exercised upon proper proofs. The court laid down the general principle above stated.

*Eugene L. Burke* for the purchasers appellant.

*Walter Edwards, Jr.*, for the respondent.

ANDREWS, J., reads for affirmance.
All concur.
Orders affirmed.