## ELLEN J. McBRIDE, Plaintiff, v. LEONARD LEWISOHN, Defendant.

*Sale in foreclosure — it is an irregularity for the referee to sell more lots than is necessary — what is a waiver of the irregularity by the owner of the equity of redemption.*

In August, 1855, in pursuance of a judgment directing the sale of certain mortgaged premises, consisting of ten vacant lots, or of so much thereof as might be necessary to pay the amount due, the referee sold all the ten lots, separately, although on the sale of the ninth enough had been realized to pay the amount due and all charges, and leave a surplus. Subsequently, the surplus having been paid over to the city chamberlain, a second mortgagee filed a

claim thereto, whereupon a referee was appointed, who made a report in regard thereto, after a hearing, and due notice to all parties interested.

*Held,* that although the sale of the tenth lot by the referee was unauthorized by the judgment, yet that the owner of the equity of redemption was estopped from questioning the validity of the title acquired by the purchaser, by reason of his acquiesence therein and his failure to object to the proceeding had for the distribution of the surplus.

Controversy submitted upon admitted facts, under section 1279 of the Code of Civil Procedure.

*Asher R. Morgan,* for the plaintiff.

*Meyer S. Isaacs,* for the defendant.

Brady, P. J. :

The defendant contracted to purchase from the plaintiff two lots of land on Ninety-ninth street in this city, one of which is known as lot No. 778 on the map of lands of Benjamin L. Benson. It is insisted, upon the part of defendant, that the title to lot No. 778 is defective, and that the plaintiff cannot therefore convey a good title according to her contract.

The reason assigned for the defectiveness of the title is, that in an action in the Supreme Court, wherein Manton Eastburn was plaintiff, and Edmund J. Porter and others were defendants, for the foreclosure of a mortgage covering ten lots, including lot 778, the decree provided for the sale of the mortgaged premises, or so much thereof as should be necessary to pay the amount reported due, with interest, costs and expenses of the sale. The referee sold under the decree the whole of the mortgaged premises in ten separate lots, parcel No. 778 being the last sold. When the ninth lot was sold there was not only sufficient to pay the amount reported due, with interest, costs and expenses of sale, but there was a surplus. The premises were and are vacant and uninclosed. The defendant in the foreclosure suit, Amelia A. Godet, was a married woman, and the owner of the equity of redemption at the time of the commencement of that action, and when the judgment was entered and the sale took place. In the foreclosure proceedings all the subsequent mortgagees, the owner of the equity of redemption, and all other necessary and proper parties, were in-

cluded, and it would seem all appeared by attorney. The lot in question was sold under the decree prior to the 2d of August, 1855, and has since then been several times conveyed.

The owner of the equity of redemption does not appear to have made any objection to the sale of lot 778, although apparently in excess of the power conferred by the decree, and for aught that is shown in this controversy has never, since the sale, in any way claimed any right or title to it.

It appears also that after the sale of the premises Edmund J. Porter, one of the defendants named in the foreclosure proceedings, being the second mortgagee, filed a notice of his claim to the surplus moneys occasioned by the sale of the lot in question, and on the 22d of September, 1855, an order of reference was duly made by this court to David L. Fowler, reciting the fact that the report of sale had been made, showing a surplus of $339.50, paid over by the referee who sold, to the city chamberlain to the credit of the action. The referee was ordered, among other things, to ascertain and report the amount due to Porter, or any other person, and to ascertain and report as to the priority of liens, and to summon before him every party who had appeared in the action, and also all who had filed a notice of claim with the clerk of the court, etc., and to report to the court. The referee filed his report on the 10th of October, 1855, and reported, among other things, that he had caused due notice to be given of the time and place of said reference, and notice to attend the same to every party who had appeared in said action, and of all who had filed notice of claims to such surplus, as directed by the order.

The first question presented by these facts is whether, under the provisions of the decree, there was any authority for selling lot 778, when a sufficient amount had been realized by the sale of the other lots to pay the amount reported due, with all the costs and expenses of the sale. We are inclined to the opinion that the sale was unauthorized, from the language of the decree which confined the sale to a quanty of the mortgaged premises sufficient to pay the amount decreed to be due, with the costs and expenses.

There is no doubt, however, that the court, on an application at the foot of a decree, might have directed a further sale of the premises to pay the subsequent mortgages or claims (*De Forest*

v. *Farley*, 62 N. Y., 628; *Livingston* v. *Mildrum*, 19 id., 440); which, in our interpretation of these cases, is all that is decided by them. They did not declare that more than the necessary quantity of land might be sold by a referee where the decree directs that a sale shall be made to realize a particular sum.

We think, however, that the sale of the ten lots having been made, the proceeds paid into court, and the authority of the court having been exercised over them with regard to the second mortgage, upon due notice to all the parties, and the owner of the equity of redemption having made no objection, that the validity of the sale is established beyond doubt. The owner of the equity of redemption was the only person having any right whatever to question it, and by omitting to take any action with regard to the alleged improper sale, and by permitting the proceedings to go on in reference to the surplus occasioned by the sale, she has waived all right to any consideration on that subject and is estopped.

For these reasons we think that the plaintiff is entitled to judgment, requiring the defendant to complete his purchase.

Ordered accordingly.

INGALLS, J., concurred. Present—BRADY, P. J. and INGALLS, J.

Judgment ordered for plaintiff.