JONAS M. LIBBY, Respondent, *v.* LEWIS C. TUFTS, Impleaded, etc., Appellant.

*It seems* it is a general equitable rule that where a mortgage covers several parcels of land which are sold separately and at different dates by the mortgagor, they are liable to sale in satisfaction of the mortgage as against the purchasers in the inverse order of alienation.

*It seems* also that where the holder of a mortgage, with notice of the conveyance of one parcel, releases another, this, as a general rule, constitutes a defense to the earlier purchaser to the extent of the value of the land released.

This rule, however, is made in equity to yield to the requirements of justice.

In an action to foreclose a mortgage upon several lots of land, it appeared that houses were being erected upon the lots at the time of the delivery of the mortgage; this was given on purchase of the lots from the mortgagee to secure the purchase-price, and also advances made and to be made by him to the mortgagor to aid in the construction of the buildings. All of the lots save one were released from the mortgage, from time to time, as payments were made, and the sale of this one only was asked for. Said lot had been conveyed by the mortgagor to defendant T. who alleged and proved that after the delivery to him of his deed and the recording thereof, the mortgagor conveyed another of the lots to K., and that plaintiff with notice, and without T.'s knowledge, released the lot so conveyed to K. from the lien of the mortgage, which lot was more than sufficient in value to pay the balance due on the mortgage. It appeared, however, that prior to the deed to T., the mortgagor had entered into a contract with K. for a sale of the lot afterwards conveyed to him; that K. had paid therefor and entered into possession, and plaintiff had full notice of the contract and all of K.'s rights under it; it also appeared that the consideration of the deed to T. was a past due debt of the mortgagor. *Held*, that the mere fact that K.'s deed was executed and delivered after T.'s was not a controlling circumstance in view of K.'s antecedent rights and equities; that in equity he was owner of his lot prior to the deed to T., and the case was to be determined as if he had received his deed at the time he made payment and went into possession; also, that K.'s equities were stronger than those of T.

*It seems* that plaintiff's act in executing the release to K. was nothing more than he could be compelled to do if K. had been made a party defendant.

(Argued March 17, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an

order made May 18, 1888, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought for the foreclosure of a mortgage. The facts are sufficiently stated in the opinion.

*Austen G. Fox* for appellant. The plaintiff, by releasing one of the lots covered by his mortgage, without the knowledge or consent of the defendant Tufts, to whom he knew the mortgagor had conveyed another lot with a warranty against the mortgage, impaired the equitable rights which Tufts as grantee of part of the mortgaged premises had against both the plaintiff as mortgagee and any other grantee of another lot, and the plaintiff cannot now enforce his mortgage against the Tufts lot, especially as the amount due on the mortgage remained the same and the lot released was of greater value than that amount. (*Wadsworth* v. *Lyon*, 93 N. Y. 201, 214; *Hinckley* v. *Kreitz*, 58 id. 583, 590; *Fairchild* v. *Lynch*, 99 id. 359, 365; *Barnes* v. *Mott*, 64 id. 397; *Arnold* v. *Green*, 116 id. 566; *Averill* v. *Taylor*, 8 id. 44; *Matthews* v. *Aikin*, 1 id. 595; *Duncan* v. *N. & S. W. Co.*, L. R. [6 App. Cas.] 1, 19; *Craythorne* v. *Swinburne*, 14 Ves. 162; *Stevens* v. *Cooper*, 1 Johns. Ch. 425; *Ingalls* v. *Morgan*, 10 N. Y. 178; *Murray* v. *Fox*, 104 id. 382; *Coyle* v. *Davis*, 20 Wis. 593; *Palmer* v. *Hendrie*, 27 Beav. 349.) Since the plaintiff, by his deliberate act, done without the knowledge or consent of Tufts, has destroyed the latter's right to go into a court of equity in order to obtain subrogation and a judicial determination of the equities existing as well between himself and the plaintiff as between himself and other grantees of other parts of the mortgaged premises, the court will not now attempt to decide what the issue of such a controversy might have been, nor to determine how much or how little injury the plaintiff's act has caused to Tufts. (*Samuel* v. *Howarth*, 3 Mer. 272; *U. S.* v. *Simpson*, 2 Penn. 437; *Rees* v. *Berrington*, 2 Ves. 540; *Polak* v. *Everett*, L. R. [1 Q. B. Div.] 669; *Parkman* v. *Welch*, 19 Pick. 231, 238.) But, even if the court would attempt to determine now the equities as between the defendant Tufts

Statement of case.

and Kane, the burden of proof was upon the plaintiff to show that the deed to Tufts did not confer upon Tufts the right to have the land then owned by the mortgagor sold first, and this the plaintiff failed to show. (*Kendall* v. *Woodruff*, 87 N. Y. 1, 7; *N. S. Bank* v. *Creswell*, 100 U. S. 630; 8 N. Y. 271; *L. F. Ins. Co.* v. *Bell*, 22 Barb. 54, 65–67; *Woods* v. *Spaulding*, Id. 602; *Cherry* v. *Munroe*, 2 Barb. Ch. 618, 630; *Brown* v. *Simons*, 44 N. H. 475, 481; *Chase* v. *Woodbury*, 6 Cush. 143; *Hunt* v. *Mansfield*, 31 Conn. 488; *Cooper* v. *Bigly*, 13 Mich. 463, 476; *Kyle* v. *Thompson*, 11 Ohio St. 616; *Pecare* v. *Ellison*, 29 Barb. 333; *Chapman* v. *West*, 17 N. Y. 125; *Thomas* v. *M. M. Co.*, 43 Hun, 487, 491; *Clowes* v. *Dickinson*, 5 Johns. Ch. 235; *Maynard* v. *Brown*, 41 Mich. 298; *Rust* v. *Conrad*, 47 id. 449, 455; *E. Co.* v. *R. R. Co.*, 99 U. S. 191, 200; *M. Co.* v. *Ripley*, 10 Wall. 339, 359; Fry on Spec. Perf. [3d Am. ed.] §§ 72, 140; *Judd* v. *Seekins*, 62 N. Y. 266, 270; *Pratt* v. *Potter*, 21 Barb. 289; *Jackson* v. *Bull*, 1 Johns. Cas. 85; *Jackson* v. *Bard*, 4 Johns. 230; *Heath* v. *Ross*, 12 id. 140; *Case* v. *DeGaes*, 3 Caines, 261; *Vose* v. *Cowdrey*, 49 N. Y. 336; 3 Washb. on Real Prop. [4th ed.] 309; 4 Kent's Comm. [13th ed.] 454; *Young* v. *Guy*, 87 N. Y. 457; *Squier* v. *Norris*, 1 Lans. 282; *Fenly* v. *Stewart*, 5 Sandf. 101; *Tuthill* v. *Wilson*, 90 N. Y. 423; *Briggs* v. *Partridge*, 64 id. 357; *Kiersted* v. *O. & A. R. R. Co.*, 69 id. 343; *Galusha* v. *Hitchcock*, 29 Barb. 193; *Williams* v. *Gillies*, 28 Hun, 177; *Huntington* v. *Knox*, 7 Cush. 371; *In re I. C. Co.*, L. R. [6 Ch. App.] 523.)

*Noah Davis* for respondent. The doctrine of inverse order of alienation is equitable in its nature, and the application of the doctrine is, therefore, always made with reference to the equitable titles and interests involved as distinguished from legal title. (*Trustees, etc.,* v. *Wheeler*, 61 N. Y. 88; *Kendall* v. *Woodruff*, 87 id. 7.) An examination of the order of alienation of equitable title in the present case shows Kane to be the prior and Tufts to be the subsequent purchaser. (*Westbrook* v. *Gleason*, 79 N. Y. 35; *Hensler* v. *Sefrin*, 19 Hun,

564; *Trustees, etc.*, v. *Wheeler*, 61 N. Y. 98.) The agreement made by Michael Duffy with James Kane in February, 1883, for the conveyance to Kane of the house afterwards deeded to him by Mary Duffy was in equity the agreement of Mary Duffy. (*Hensler* v. *Sefrin*, 19 Hun, 564; *Krumm* v. *Beach*, 96 N. Y. 398; *Adams* v. *Mills*, 60 id. 539; *Bennett* v. *Judson*, 21 id. 238; *Baker* v. *U. M. L. Ins. Co.*, 43 id. 238; *Wakeman* v. *Dalley*, 51 id. 34; *Garner* v. *Magnum*, 93 id. 643; *Nael* v. *Kinney*, 106 id. 74, 78.) Any objection to the title conferred upon Kane by his agreement of February, 1883, which is based upon the option therein given to Mrs. Duffy to substitute money for the house, is without force. (*Miller* v. *Ball*, 64 N. Y. 286.)

O'BRIEN, J. It is unnecessary to examine many questions discussed in the argument for the appellant, and which appear in the record, for the reason that the attorney for the defendant Tufts, who is the party interested in this appeal, has, by stipulation appearing in the case, expressly waived the right to review any of the exceptions or questions arising thereon, except the principal one set forth in the second defense of the answer interposed by him.

The action was brought to foreclose a mortgage given to secure the payment of $125,000, bearing date January 29, 1883, and duly recorded the next day, upon ten several lots of land in the city of New York, upon which houses were being constructed at the time of the execution and delivery of the mortgage; the houses having been completed at the time of the commencement of this action. Nine of the lots were released from the lien of the mortgage from time to time, as payments were made, and prior to the commencement of the suit. The complaint states that the sum of $3,603.22 was due and unpaid upon the mortgage, but the referee found that the amount so due was $1,801.61.

Only one of the ten lots is sought to be sold under the prayer of the complaint and the terms of the decree entered in the action.

The mortgage in question was executed by Mary Duffy and her husband to the plaintiff, and its purpose was to secure the payment of the purchase-price of the lots, and also certain advances of money made, or to be made, from time to time to the mortgagor for the purpose of aiding in the construction of buildings upon the lots.

The controversy in the case arises out of the answer of the defendant Tufts, that after the execution of the mortgage, and on the 7th day of August, 1883, Mary Duffy, the mortgagor, conveyed the lot directed by the decree in this action to be sold to him; that his deed was duly recorded on the 8th day of August, 1883, and that then the mortgage in question was a lien upon his lot, and also upon another lot which the mortgagor afterwards, and on the 29th day of August, 1883, conveyed to one James Kane; that the plaintiff having full notice of the rights of the defendant Tufts, nevertheless, thereafter, and in the month of October, 1883, without defendant's knowledge or consent, released and discharged the lot conveyed to Kane from the lien of the mortgage, and that the premises so released were, in value, more than sufficient to pay any sum due for principal and interest on the mortgage.

The referee has found that the conveyances to Kane and Tufts, and the release of the mortgage upon his lot, were made and delivered at the respective dates set forth in the answer, and the defense interposed by Tufts would be good were it not for other facts and other transactions connected with the deed to Kane which will presently be noticed.

The general equitable rule that when a mortgage covers several parcels of land that are separately and at different dates sold by the mortgagor, they are each liable to sale in satisfaction of the mortgage, as against the purchasers from the mortgagor, in the inverse order of alienation, is not disputed. Where the holder of a mortgage, with notice of the conveyance of a separate parcel of the land to a purchaser from the mortgagor, releases a part of the land subject to be sold first for the satisfaction of the mortgage, that fact generally constitutes a defense to the earlier purchaser to the extent

of the value of the land released. (*Trustees, etc.,* v. *Wheeler,* 61 N. Y. 88; *Kendall* v. *Woodruff,* 87 id. 7; *H. Ins. Co.* v. *Halsey,* 8 id. 271.)

This general rule, however, is, in equity, made to yield to the requirements of justice. It was said in *Kendall* v. *Woodruff* (*supra*) that "it is not always that a release of a part of the mortgaged premises, given with knowledge of a prior conveyance of another part that remains unreleased, is held inequitable. It is not a technical discharge of that part, nor is it an equitable release or discharge, unless upon principles of natural equity and justice it ought to operate against the mortgagee giving the release."

The referee has found, upon sufficient evidence, that the contracts in writing entered into with Kane, though in form signed by the husband of the mortgagee and owner of the land, were yet her contracts, made under her direction, and bound her in the same way as if she signed them herself.

Whether the discharge by the plaintiff of the lien of his mortgage upon the lands to Kane, operated in equity to the prejudice of the defendant Tufts, is not to be ascertained or tested by the mere fact that Kane's deed was made and delivered at a later date than that of the defendant Tufts. The referee has found that at the time the plaintiff released his mortgage upon the lot conveyed to Kane, he had notice of the conveyance, prior in point of date, to the defendant Tufts. But behind the conveyance and release to Kane are certain facts and equitable considerations which cannot be overlooked in adjusting the rights of the parties.

As early as February, 1883, Mrs. Duffy, the mortgagor and owner, entered into a contract with Kane for the sale of the lot which was afterwards conveyed to him. Kane was to pay $9,000 for it by performing certain work and labor in the plumbing of the houses then in process of construction and to furnish the materials for that purpose. It is found that as early as July, 1883, he had performed his contract, paid the purchase-price as provided by the contract, and entered into the possession of the premises. Prior to this time the plaintiff

had full notice of the contract and of all of Kane's rights under it, his payments thereon and his possession. Thus it will be seen that a month prior to the deed of the mortgagor to the defendant Tufts, Kane had contracted to purchase the lot afterwards conveyed to him, and had gone into possession of the same, and paid the consideration therefor. This in equity constituted him the owner. True he did not receive the deed to the premises until the twenty-ninth of August following, but he had possession, and every right in equity of an absolute owner in fee, and we think the case should be determined in the same way as if Kane received his deed at the time he fulfilled his contract and went into possession. On the seventh of August thereafter, when the defendant Tufts took his conveyance, Kane's possession of the other lot was notice to him and to all the world of his rights. Therefore, we think that the mere fact that Kane's deed was executed and delivered at a later date than that of the defendant Tufts, is not a controling circumstance, in view of his antecedent rights and equities.

It appears also by the findings of the referee, that the consideration of the deed given by the mortgagor to the defendant Tufts, was a past due debt, while Kane at the time of taking his contract above referred to obligated himself to pay in the future the sum of $9,000 in furnishing the material and the performance of the work in the construction of the houses upon the lots in question. Manifestly Kane's equity is stronger than that of Tufts, and while Kane is not a party to this action we think that the act of the plaintiff in executing the release to him is nothing more than he could be compelled to do, if Kane had been made a defendant.

We think that the case was correctly decided in the court below, and that the judgment should be affirmed with costs.

All concur.

Judgment affirmed.