A. & F. Realty Corporation, Respondent, *v.* Baum Realty Company, Appellant.

First Department, December 28, 1928.

*Bernard Gordon*, for the appellant.

*Max Schwebel* of counsel [*Jacob J. Schwebel*, attorney], for the respondent.

FINCH, J.  This appeal involves an ascertainment of the true intention of the parties as ascertained from the wording of a written contract of purchase and sale of real property had between them.  From a judgment awarding plaintiff the down payment upon a contract of purchase, for the reason that defendant has breached the contract, defendant appeals.

The issue involved is simple.  The relevant part of the contract of purchase provides:

" Purchase price — Seventy Thousand four hundred ($70,400) Dollars, Two thousand ($2,000) Dollars payable on the contract, receipt whereof is hereby acknowledged, and Six thousand ($6,000) Dollars in cash, or good certified check, on a New York Clearing House bank, on the closing of the title, as hereinafter provided.

" By taking the premises, subject to a blanket mortgage in the sum of $95,000, covering this property and property directly opposite thereof, of which mortgage the purchaser assumes the payment of $44,075, and agrees to pay the interest thereon quarter-annually until July 22nd, 1929, when the principal becomes due and payable; which mortgage contains release clauses, releasing the lien of this mortgage upon the payment of $2,500 for each lot of twenty-five feet front, provided at least four lots are released at one time, and upon the payment of $5.00 for drawing such releases.  $18,325 by the purchaser or its assigns, executing its

bond, secured by mortgage covering the above described premises, which mortgage shall be payable in installments of $1,000 semi-annually, until two (2) years from the date of closing the title, with interest of 6%, payable with each installment."

The plaintiff claims that under the wording of this contract it had a right to have the premises purchased by it at once released from the lien of the blanket mortgage upon making a payment of $44,075. Therefore, urges the plaintiff, it follows that the title tendered by the appellant was not in accordance with the terms of the contract, since there was not included at the closing an agreement on the part of the blanket mortgagee obligating him to accept said sum of $44,075 and to execute in return therefor a release of the lien of the $95,000 mortgage in so far as it offsets the property purchased by the plaintiff. The language of the contract itself, however, is the best answer to this contention. That contract expressly provided that the premises should be subject to the blanket mortgage in the sum of $95,000, which not only covered the property purchased by the plaintiff, but also other property still owned by the seller. In addition, the contract provided that the purchaser should assume, as a part of the purchase price, the payment of a portion of this mortgage amounting to $44,075. In other words, the contract made a clear distinction between what mortgage the premises should be taken subject to and what portion of said mortgage the plaintiff should assume the payment of. What the land itself was subject to, was the $95,000 mortgage; but what the plaintiff was personally, in addition, obligated to assume, was $44,075 of this mortgage. In other words, the defendant had purchased the property sold to the plaintiff and other property and had paid for the same by leaving a portion of the purchase price, namely, $95,000, by way of mortgage. When the defendant sold a portion of this property to the plaintiff, the $95,000 mortgage covered this portion sold, as well as that retained by the defendant. The plaintiff, however, assumed to pay a portion of the $95,000 mortgage, presumably that proportion which the value of the property which he purchased bore to the property still kept by the seller. That this was the understanding of the parties is corroborated by the fact that the total purchase price of $70,400 which the plaintiff was obligated to pay for the property purchased is made up of $8,000 in cash, the second mortgage of $18,325 and the assumption by the plaintiff of the payment of a portion of the $95,000 mortgage, amounting to $44,075. The plaintiff, moreover, was not without remedy in the event that the holder of the $95,000 mortgage should foreclose. Under the equitable doctrine of marshaling, the mortgagee would

first be compelled to enforce payment from that part of the mortgaged premises retained by the mortgagor; that is, that portion of the tract which was retained by the mortgagor or sold by him last, must first be applied to the payment of the mortgage debt. (*Libby* v. *Tufts*, 121 N. Y. 172.) Furthermore, in the event of a foreclosure, this plaintiff would have an interest entitling it to redeem or for its better security to pay off the lien and resort to the land still held by its vendor as a fund out of which to be reimbursed. (*Arnold* v. *Green*, 116 N. Y. 566; Harris Subrogation, 442; 2 Story Eq. Juris. [14th ed.] § 720; Thomas Mort. [3d ed.] § 472.)

It follows that the judgment appealed from should be reversed, with costs to the appellant, and judgment directed for the defendant on the merits, with costs.

DOWLING, P. J., MCAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed for the defendant on the merits, with costs. Settle order on notice reversing findings of fact 10, 14, 17, 18, 21 and 22 and the conclusions of law in the decision of the court at Special Term, and containing in place thereof such new findings of fact proved as are necessary to sustain the judgment hereby awarded.